(emphasis added.) The advance payments receipt was "directly or indirectly connected with this Release and settlement," and thus was incorporated into the release. The trial court enforced the release as written and agreed to by the parties—for $35,000. I see no error and would affirm the judgment of the trial court.

the County of St. Louis, granting respondent's, Katherine F. Wainright's, motion for summary judgment. We affirm.

We have reviewed the briefs of the parties and the legal file and find the order of the circuit court is supported by substantial evidence, is not against the weight of the evidence, and no error of law appears. As we further find no jurisprudential purpose would be served by a written opinion, we affirm the circuit court's order pursuant to Rule 84.16(b).

■

**Kristian GIPPO, Appellant,**

v.

**Katherine F. WAINRIGHT, Respondent.**

**No. 68436.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 23, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1996.

Carl W. Becker, Ira M. Berkowitz, Lander & Berkowitz, Clayton, for appellant.

Donald O'Keefe, Rabbitt, Pitzer & Snodgrass, St. Louis, for respondent.

Before SMITH, P.J., GARY M. GAERTNER and RHODES RUSSELL, JJ.

*ORDER*

PER CURIAM.

Appellant, Kristian Gippo, appeals from the judgment entered by the Circuit Court of

■

**Gregory B. RIGGINS, Tammy Gains, Individually and as Next Friend of Chastity Gains a Minor, Appellants,**

v.

**LUCAS HEIGHTS VILLAGE APARTMENTS, et al., Respondents.**

**No. 68658.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 23, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1996.

Don R. Sherman, Goffstein, Kraus, Siegel & Sherman, St. Louis, for appellant.